IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-452-FL

| | |
|---|---|
| PEGGY R. JONES, | ) |
| | ) |
| Plaintiff/Claimant, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the parties' cross-motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), (DE ## 9, 17), and plaintiff's timely objection to the memorandum and recommendations ("M&R") entered by the United States Magistrate Judge. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court denies plaintiff's objections to the M&R and adopts the findings in the M&R upholding defendant's decision denying benefits.

## STATEMENT OF THE CASE

Plaintiff filed a claim for a period of disability and disability insurance benefits ("DIB") on July 20, 2004, alleging disability beginning May 21, 2004. (R. at 15, 49.) Plaintiff's claim was denied initially and upon reconsideration. (R. at 27, 35.) Claimant then sought a hearing, which was held before an administrative law judge ("ALJ") on November 17, 2006. (R. at 15.) In an opinion dated December 21, 2006, the ALJ found plaintiff was "not disabled." On May 3, 2007, the Appeals Council denied plaintiff's request for a review of the ALJ's opinion, thereby making that opinion defendant's final decision. Plaintiff then timely filed the instant civil action on November 16, 2007,

seeking review of defendant's decision. The parties filed cross-motions for summary judgment, which are now before the court with benefit of an M&R and related objections filed by plaintiff.

## DISCUSSION

### A. Standard of Review

This court's role in reviewing defendant's final decision is limited to determining whether substantial evidence supports defendant's factual findings and whether the decision was reached through the application of the correct legal standards. See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). It must be "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id.

In addressing a plaintiff's objection to an M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

### B. Analysis

Plaintiff purports to raise two objections to the M&R, but review of plaintiff's arguments reveals a number of the magistrate judge's findings in the M&R to which plaintiff objects. First, plaintiff argues the magistrate judge incorrectly found that the ALJ's failure to make a determination regarding the severity of defendant's back pain was not reversible error. This objection consists of two related arguments. Plaintiff argues that the magistrate judge incorrectly found that the ALJ's

2

failure to make a determination as to whether plaintiff's lower back pain was a "severe" impairment at step two of the sequential evaluation was not reversible error. Plaintiff also argues that the magistrate judge incorrectly found that the ALJ properly considered plaintiff's overall back pain in making his determination of equivalence at step three of the sequential evaluation. Next, plaintiff contends that the magistrate judge erred by failing to account for an alleged omission by the ALJ in his discussion of two MRIs. Plaintiff also argues that the ALJ's purported omission indicates the related impairments were improperly excluded from the ALJ's consideration of whether any of plaintiff's conditions met or equaled Listing 1.04A. Plaintiff further objects to the M&R to the extent it found the ALJ had sufficiently explained his findings and his rationale with regard to his findings at steps three and four of the sequential evaluation. Finally, plaintiff objects to the M&R on the grounds that the magistrate judge incorrectly found that plaintiff presented insufficient documentation showing that fibromyalgia imposed severe functional limitations on her. The court now reviews the findings of the M&R on these matters *de novo*.

Taking plaintiff's objections in order, the first issue to consider is plaintiff's contention that the ALJ committed reversible error by failing to make a determination regarding the severity of plaintiff's lower back pain at step two of the sequential evaluation. Step two of the sequential evaluation requires an ALJ to consider whether a claimant has a medically severe impairment or combination of impairments. See 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920, 416.921. If the ALJ finds a claimant does not have a severe impairment or combination of impairments, then the claimant is found "not disabled" without further analysis. Otherwise, the analysis continues on to the third step of the sequential evaluation.

In this case, the ALJ did not make a determination regarding whether plaintiff's lower back

3

pain constituted a severe impairment. The ALJ did, however, find that plaintiff suffered from the following severe combination of impairments: "degenerative disc disease of the neck; pulmonary hypertension; depression; sleep apnea; fibromyalgia; history of irritable bowel syndrome and bladder leakage." (R. at 17.) Based on this finding, the ALJ continued his evaluation to step three.

Though the Fourth Circuit has not addressed the question of whether an ALJ's failure to consider the severity of one of many impairments at step two of the evaluation constitutes reversible error where the ALJ makes a finding that the claimant has another severe impairment, other courts have done so and answered in the negative, provided the ALJ considered the impairment in subsequent steps of the sequential evaluation. See Hill v. Astrue, 289 Fed. Appx. 289, 292 (10th Cir. 2008); Maziarz v. Secretary of Health & Human Services, 837 F.2d 240, 244 (6th Cir. 1987); see also Masch v. Barnhart, 406 F. Supp. 2d 1038, 1053 (E.D. Wis. 2005); Tocco v. Astrue, 2008 U.S. Dist. LEXIS 92993, *15 (N.D. Ind. Nov. 14, 2008) (applying Maziarz for this holding); Washington v. Astrue, 2008 U.S. Dist. LEXIS 56258 (E.D. Ark. July 23, 2008); Gomez v. Comm'r of Soc. Sec., 2008 U.S. Dist. LEXIS 9792 (M.D. Fla. 2008). This court agrees with these courts and finds it is not reversible error where an ALJ does not consider whether an impairment is severe at step two of the sequential evaluation provided the ALJ considers that impairment in subsequent steps.

This court finds that the ALJ here did adequately consider plaintiff's lower back pain in later steps of the sequential evaluation, though not necessarily in the most straightforward manner. Review of the ALJ's opinion reveals that the ALJ discussed evidence related to plaintiff's back pain and related medical treatments on several occasions. The first mention comes in the brief explanation given by the ALJ for finding that plaintiff had a combination of severe impairments. (R. at 17.) Though the ALJ did not make an explicit finding as to the severity of plaintiff's back

4

pain, he does appear to have considered it at this juncture, noting the results of a 2003 magnetic resonance imaging ("MRI") scan performed on plaintiff's lower back. (Id.)

At step three, the ALJ stated that, after considering all of the documentary evidence, he found that plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the impairments listed in § 1.04A, Disorders of the Spine, 20 C.F.R. 404, Appendix 1, Subpart P. (R. at 17.) The ALJ's discussion at this point of his opinion is spare. The reason behind the spareness of the ALJ's order discussing his findings at both steps two and three appears to be that the ALJ included his substantive discussion of the evidence in his consideration of plaintiff's residual functional capacity ("RFC"). (See R. at 18-22.) Such collapsing of the analysis of the evidence by an ALJ is not the preferred form of opinion writing for an ALJ because it makes review of his opinions more difficult, but it is not necessarily reversible error. See McCartney v. Apfel, 28 Fed. Appx. 277, 279 (4th Cir. 2002) (finding that an ALJ's analysis of medical evidence at step three instead of step four was not error because "the ALJ need only review medical evidence once in his decision.").

Here, in his consideration of plaintiff's RFC, the ALJ discusses, paragraph by paragraph, the bulk of the evidence he considered in assessing plaintiff's claim. This discussion includes treatment of plaintiff's December 2003 and February 2006 MRIs of the lumbar and cervical regions of plaintiff's spine. The ALJ noted the findings of both MRIs, which included limited lumbar mobility, tenderness, pain with lumbar rotation, and positive straight leg raise testing bilaterally at 85-90 degrees, as well as "minimal disc bulging leading to mild bilateral neural foraminal narrowing." (R. at 18, 19.) These findings appear to adequately reflect the documentary evidence related to plaintiff's MRIs, (see R. at 221-27, 340-42), and provide a sufficient basis for the ALJ's

5

determinations at steps two and three. Consequently, the ALJ's failure to make a determination regarding the relative severity of plaintiff's lower back pain was not reversible error in this instance, and plaintiff's objection on this ground is overruled. Because the ALJ adequately considered plaintiff's back pain in his discussion of plaintiff's RFC, plaintiff's next objection, that the magistrate judge incorrectly found that the ALJ had sufficiently considered plaintiff's back pain at step three of the sequential evaluation, is also overruled.

Plaintiff next lodges two related objections: first, that the magistrate judge erred by failing to account for an alleged omission by the ALJ regarding findings from two MRIs; and second, that this purported omission indicates plaintiff's back impairments were improperly excluded from the ALJ's consideration of whether any of plaintiff's conditions met or equaled Listing 1.04A. The omission alleged by plaintiff in the ALJ's order is a discussion of certain findings contained in a December 2003 MRI of the plaintiff's spine. The ALJ reviewed the findings of these MRIs in at least three places in his opinion, however, plaintiff contends that, in so doing, the ALJ omitted crucial findings that demonstrate plaintiff suffers from nerve root compromise, thereby satisfying Listing 1.04(A), which sets forth criteria for disabling spinal disorders. 20 C.F.R. 404, Subpt. P, App. 1 § 1.04. Review of the relevant records indicates, however, that plaintiff's characterization is misleading. Neither MRI found evidence of nerve root compromise in plaintiff's lumbar spinal region. To the contrary, the December 2003 MRI specifically stated there appeared no evidence of "nerve root impingement." (R. at 227.) The February 2006 MRI found no significant changes from the 2003 MRI with respect to plaintiff's lumbar spine. (R. at 341-42.) And, though the MRIs did indicate some stenosis, or narrowing, of plaintiff's cervical spine, neither MRI indicated plaintiff suffered from nerve root compromise, as required by Listing 1.04(A). As already discussed, the ALJ

6

considered the results of these MRIs and determined that plaintiff did not have an impairment that satisfied Listing 1.04(A). This court's review of these records indicates there was substantial evidence on which the ALJ based his determination. As such, plaintiff's objection that the ALJ omitted necessary details of the medical record fails.

Plaintiff's related argument that the ALJ improperly failed to consider plaintiff's back problems, either alone or in combination with her other conditions, in determining whether plaintiff has an impairment that meets or equals a Listing also fails. As already discussed, the ALJ adequately considered the evidence regarding plaintiff's back conditions. Based on that consideration, the ALJ determined at step three that plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the impairments listed in § 1.04A, Disorders of the Spine, 20 C.F.R. 404, Appendix 1, Subpart P. (R. at 17.) The ALJ's analysis of plaintiff's back conditions clearly indicates the ALJ considered those impairments by themselves. However, in making a determination regarding whether a claimant has any condition which meets or equals a Listing, an ALJ must also consider the combined effect of a claimant's impairments. Hines v. Bowen, 872 F.2d 56, 59 (4th Cir. 1989). And, "the ALJ must adequately explain his or her evaluation of the combined effect of impairments." Id. "This rule merely elaborates upon the general requirement that a ALJ is required to explicitly indicate the weight given to relevant evidence." Id.

Plaintiff argues that the ALJ failed to consider the combined effects of plaintiff's ailments and, therefore, his decision must be reversed. Review of the ALJ's opinion in this case indicates that, despite collapsing his analysis into his discussion of plaintiff's RFC, the ALJ made these necessary findings. Over the course of four pages in this section of his opinion, the ALJ detailed the evidence of all of plaintiff's medical conditions that he considered in making his determination. (R.

7

at 18-22.) The ALJ specifically made findings as to the relative weight of plaintiff's claims of pain and limitations versus other medical evidence. (R. at 20-21.) The ALJ specifically noted that he did not assign full weight to plaintiff's claims because those claims were not supported by the medical evidence. (Id.) He also noted that he gave substantial weight to the findings of the state agency physician and psychologist because their opinions were consistent with the other evidence in the case. (Id. at 21.) The ALJ's discussion indicates that he considered plaintiff's combined impairments, including her back problems, in making his determinations. As a result, plaintiff's objection on this issue fails.

In a similar vein, plaintiff objects to the M&R to the extent it found the ALJ had sufficiently explained his findings and his rationale with regard to his findings at steps three and four of the sequential evaluation. However, as already discussed, the ALJ did sufficiently review the evidence, the various weights he assigned to each piece of evidence, and the reasons behind those weightings. This analysis sufficiently explained the ALJ's findings at step three of the sequential evaluation. At step four, the ALJ found that, based on plaintiff's assigned RFC, plaintiff was unable to perform her past relevant work. (R. at 22.) The ALJ based his opinion at step four on plaintiff's RFC as he determined it and on the testimony of the vocational expert. The ALJ's finding at this step is thus adequately explained by the ALJ's opinion. Because the ALJ sufficiently explained his findings and rationales at steps three and four, plaintiff's objection on this ground is overruled.

Finally, plaintiff objects to the M&R, arguing that the magistrate judge incorrectly found that plaintiff presented insufficient documentation showing that fibromyalgia imposed severe functional limitations on her. Plaintiff's arguments to this point seem to proceed under the assumption that the because the ALJ determined plaintiff's subjective complaints were not fully supported by the

8

objective evidence, the ALJ must have been laboring under the notion that plaintiff does not have fibromyalgia. Plaintiff points to several pieces of medical evidence that support plaintiff's contention that she does indeed have fibromyalgia and then asserts that this evidence indicates the ALJ's finding that plaintiff's subjective complaints were not entirely credible is not supported by substantial evidence. There is no debate on the record as to whether plaintiff has fibromyalgia. The ALJ expressly concluded that plaintiff does indeed suffer from fibromyalgia at step two of the sequential evaluation. (R. at 17.) The ALJ also specifically considered the records highlighted by plaintiff. (See R. at 18-19, 21 (discussing February 2005 visit to Henderson Family Care and visits to sleep disorders clinic, specifically noting "alpha-delta sleep present, consistent with a clinical diagnosis of fibromyalgia and decreased sleep efficiency").) Plaintiff now essentially asks this court to re-weigh the evidence and make a new credibility assessment regarding plaintiff's subjective complaints.

Such re-weighting of the evidence is not the province of this court. See Laws v. Celebrezze, 368 F.2d at 642. This court may only consider whether the ALJ appropriately applied the correct legal standards and whether substantial evidence exists to support the ALJ's findings. Plaintiff's objection here deals with the ALJ's assessment of plaintiff's subjective complaints of pain. In determining the credibility of a plaintiff's subjective complaints of pain, an ALJ must follow a two-step procedure. See Hines v. Barnhart, 453 F.3d 559, 563-64 (4th Cir. 2006); Social Security Ruling 96-7p, 1996 SSR LEXIS 4 (1996). First, an ALJ must make a determination whether there is objective medical evidence of an underlying condition that could reasonably be expected to produce the individual's pain or symptoms. Social Security Ruling 96-7p, 1996 SSR LEXIS 4, *5-*7 (1996). Second, if such objective medical evidence exists, the ALJ must evaluate the intensity, persistence

and limiting effects of the claimant's symptoms to determine their effect on the claimant's ability to do basic work activities. Id. In performing this evaluation, the ALJ must consider the following factors: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Id.

The ALJ in this case followed this two-step procedure. He first concluded that objective medical evidence supported a finding that plaintiff had impairments that could reasonably be expected to produce the pain and symptoms of which plaintiff complained. (R. at 20.) However, he then went on to conclude that plaintiff's complaints were not entirely credible. Review of the ALJ's analysis indicates that he considered the necessary factors. The ALJ's opinion specifically discusses plaintiff's activities of daily living, (R. at 21), and her various symptoms. (Id.) He further noted aggravating factors, such as plaintiff's tiring easily from exertion and the side effects of her medications. (R. at 20.) As to medications and treatments, the ALJ repeatedly noted that plaintiff took 18 different medications, was directed to use a CPAP machine to treat her sleep problems, and that plaintiff self-treated by taking one-to-two hour naps daily. (Id.) Importantly, the ALJ also noted plaintiff's noncompliance with regard to her use of a CPAP machine to allow her restorative sleep, inconsistency between plaintiff's complaints of incontinence and her failure to seek out treatment for that impairment since 2004, and her diagnosis of depression and failure to seek treatment for

10

depression. (Id. at 21.) The ALJ sufficiently considered the evidence with regard to plaintiff's subjective complaints of pain. That evidence and the inconsistencies the ALJ identified between plaintiff's subjective complaints and the objective evidence available were sufficient to permit the ALJ to find that plaintiff's complaints were not entirely credible under the substantial evidence standard that governs this court's review. As such, plaintiff's objection on this issue must be, and is, overruled.

## CONCLUSION

For the foregoing reasons, the court GRANTS defendant's motion for summary judgment. Plaintiff's objections to the M&R are accordingly OVERRULED, and plaintiff's motion for summary judgment is DENIED. The clerk of court is directed to close the case.

SO ORDERED, this the 21st day of February, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge